IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COPART OF CONNECTICUT, INC.**            **PLAINTIFF**

vs.            **CIVIL ACTION No.: 3:23-CV-192-HTW-LGI**

**CITY OF CANTON, MISSISSIPPI, et al.**            **DEFENDANTS**

**ORDER**

BEFORE THE COURT are two motions: Defendants' Second Amended Motion to Dismiss Plaintiff's First Amended Complaint **[ECF No. 33]**; and Plaintiff Copart of Connecticut, Inc.'s ("Copart") Motion for Sanctions **[ECF. No. 37].** Having reviewed the motions, responses, replies, exhibits, and applicable law, this Court finds as follows:

    **I.**     **BACKGROUND FACTS AND PROCEDURAL HISTORY**

Copart is a Delaware corporation engaged in the business of vehicle remarketing and salvage auctions, operating across multiple states. Copart specializes in online vehicle auctions and maintains facilities where vehicles are stored and processed. In this case, Copart owns real property in the City of Canton, Mississippi ("the City"), where it seeks to establish a new facility. The City, along with its governing authorities--the Mayor and individual Board of Aldermen members[1] (collectively, "Defendants") -- have taken actions that, according to Copart, unlawfully have interfered with its ability to develop and use the property.

---

[1] Defendants herein are: City of Canton, Mississippi; William Truly, Jr., mayor of the City of Canton; and Rodriguez Brown, Fred Esco, Jr., Markee Blount, Les Penn, Monica Gilkey, Tim C. Taylor, and Lafayette E. Wales, aldermen for the City of Canton, all in their individual and official capacities.

1

On December 21, 2022, Copart appealed Defendants' decision to leave a Stop Work Order[2] in place under Mississippi Code 11-51-75[3], stating that the statute required Copart to submit its appeal to the Circuit Court of Madison County, Mississippi [ECF No. 33-2]. Copart's appeal is limited to whether the appellees, Defendants herein, acted lawfully in refusing to lift a Stop Work Order that prevented Copart from building a perimeter fence around its property.

Three months later, on March 16, 2023, Copart initiated this action[4] alleging that Defendants had engaged in arbitrary and capricious conduct to block its business operations. Copart asserts specifically that Defendants improperly issued and maintained a Stop Work Order on its property and failed to provide due process.

On April 19, 2023, Copart filed an Amended Complaint [ECF No. 8], which narrowed the defendants to the City, the Mayor, and the individual members of the Board of Aldermen. The First Amended Complaint seeks declaratory relief, injunctive relief, and damages under 42 U.S.C. § 1983[5]. for violations of Copart's constitutional rights, including:

---

[2] This Stop Work Order precluded Copart from constructing a perimeter fence around its real property, despite Copart allegedly having a valid permit to do so [ECF No. 33-2].

[3] Miss Code Ann § 11-51-75 states, in pertinent part:
Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors or to the mayor or city clerk of the municipality and, if applicable, to any party who was a petitioner before the board of supervisors or the governing authority of the municipality.

[4] Copart's initial Complaint [ECF No. 1] named the following defendants: the City of Canton, Mississippi ; the Board of Aldermen for the City of Canton, in their individual and official capacities; the City of Canton Zoning Commission, in their individual and official capacities; William Truly, Jr., in his individual capacity and capacity as Mayor of the City of Canton; and the City of Canton's Zoning Administrator /Building Official, in his or her individual capacity and official capacity.

[5] Section 1983 states in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

1. Substantive Due Process violations for arbitrary and irrational governmental actions that deprived Copart of its property rights.

2. Procedural Due Process violations for failing to provide Copart with meaningful notice or an opportunity to be heard regarding the Stop Work Order.

3. Equal Protection violations, asserting that Defendants treated Copart differently from similarly situated businesses without a rational basis.

4. Declaratory Judgment that Copart's intended use of the property complies with applicable zoning laws; and

5. A writ of mandamus directing Defendants to act as necessary to permit Copart to begin operations; and

6. Injunctive relief precluding Defendants from arbitrarily obstructing Copart's attempts to complete construction.

[See ECF No. 8]. Under Mississippi state law, Copart asserts a claim of equitable estoppel, arguing that Defendants should be barred from interfering further with Copart's property rights. Copart also seeks an Order compelling the City to issue necessary permits or take other required actions under Mississippi law.

Copart seeks a declaratory judgment that its intended use of the property complies with current zoning ordinances, a writ of mandamus compelling the City to allow Copart to begin operations, and an order estopping the City from interfering with Copart's use of its property. Copart seeks compensatory damages for the alleged violations and punitive damages to deter Defendants from similar future violations.

---

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West)

Defendants initially moved to dismiss the complaint under Rule 12(b)(5)[6] for insufficient service of process [ECF No. 20]. While that motion was pending, Copart effectuated additional service to cure any alleged defects.

On June 13, 2023, the City's attorney emailed Copart's attorney, stating her belief that all parties had been served, and requesting that the parties agree to a deadline for the City to file its Answer [ECF No. 36]. The City's attorney attached a proposed agreed order to her email. *Id*. On June 16, 2023, Defendants filed an Amended Motion to Dismiss, again arguing that service of process had been insufficient [ECF No. 32].

On June 20, 2023, Copart's Attorney emailed the City's attorney, again proposing an agreed order that would set a deadline for the Defendants to answer the Amended Complaint and would deny the Defendants' two Motions to Dismiss as moot [ECF Nos. 36-1 and 36-2]. Defendants' attorney agreed to the proposed order on June 21, 2023. *Id*. Two days later, on June 23, 2023, Defendants filed their Second Amended Motion to Dismiss [ECF No. 33], arguing that the Court should dismiss the case because Copart had filed an identical claim in state court.

Copart moved for sanctions, arguing that the Defendants' Second Amended Motion to Dismiss (third Rule 12 motion overall) was improper because Defendants already had filed two Motions to Dismiss, and because Defendants had agreed to answer the Amended Complaint. These repeated motions, says Copart, were intended to delay litigation. Defendants, contrariwise, argued that its Second Amended Motion to Dismiss is proper, because it raises new arguments that had not been raised in the prior motions.

---

[6] b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 5) insufficient service of process…
Fed. R. Civ. P. 12

## II.   JURISDICTION

This Court has federal question subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1331[7], as Copart raises constitutional claims under 42 U.S.C. § 1983[8], a federal enactment. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367[9].

## III.   DEFENDANTS' MOTION TO DISMISS

Defendants argue that this action should be dismissed under Rule 12(b)(6)[10] because Copart is pursuing an identical claim in a pending administrative appeal in the Circuit Court of Madison County, Mississippi. According to Defendants, this constitutes "claim-splitting". [11]

The claim-splitting doctrine is a procedural rule designed to prevent plaintiffs from maintaining two separate lawsuits involving the same claims or issues. Under this doctrine, a plaintiff may not file a new lawsuit asserting claims that should have been raised in an existing proceeding. *Carpenter v. Kenneth Thompson Builder, Inc.*, 186 So. 3d 820, 824 (Miss. 2014); *Texas Emps.' Ins. Ass'n v. Jackson*, 862 F.2d 491, 501 (5th Cir. 1988). Claim-splitting, though,

---

[7] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

[8] *See* fn. 4.

[9] Title 28 U.S.C.A. § 1367 states in pertinent part: (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties

[10] b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
Fed. R. Civ. P. 12

[11] Defendants' Second Amended Motion to Dismiss states that "the clarity of the service of summons of all named Defendants has been resolved…" [ECF No. 33 at 3].

does not apply where separate legal rights are at issue, or when one action seeks relief unavailable in another.

Here, Defendants assert that Copart's administrative appeal in Madison County Circuit Court—challenging the issuance of a Stop Work Order—constitutes a parallel action that bars this federal suit. The administrative appeal, however, is limited to reviewing whether the City's action was arbitrary or capricious under state law. By contrast, the present federal action seeks broader relief, including constitutional claims and damages that cannot be obtained through the state appeal.

### A. Waiver

According to the United States Court of Appeals for the Fifth Circuit, "[t]he prohibition on claim-splitting is a principle based in res judicata." *BMO Harris Bank, N.A. v. Riley*, 2022 WL 1773364, at *3 (5th Cir. 2022) (per curiam). Res judicata is an affirmative defense that must be stated in a party's responsive pleading." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). If a defendant fails to raise an affirmative defense in its answer, the defense is waived." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Although affirmative defenses must be asserted in the answer, a Rule 12(b) motion may also include affirmative defenses. If a party chooses to raise certain defenses by motion under Federal Rule of Civil Procedure 12, the party "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "Accordingly, a party generally may make only a single Rule 12 motion." *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 2018 WL 3945607, at *2 (N.D. Miss. 2018).

In this case, Defendants have filed three Rule 12 motions. Only the third motion attacked the Complaint based on claim-splitting, despite Defendants having known about the appeal for six (6) months. Defendants, therefore, have waived their ability to raise claim-splitting as a defense.

### B. *Failure to establish claim-splitting*

Even if Defendants had not waived their ability to raise claim-splitting as a defense, they failed to establish that claim-splitting occurred. Claim-splitting occurs when a plaintiff files "successive suits based on the same cause of action." *BMO Harris Bank*, 2022 WL 1773364, at *3 (5th Cir. 2022). "The primary test for determining whether two cases involve the same claim is whether the factual matters alleged in both cases are 'so intertwined that the judgment in the prior litigation would preclude litigation in the later suit.'" *Id*. (quoting *Test Masters*, 428 F.3d at 569 n.2). The question before this Court, then, is "whether both suits are based on 'the same nucleus of operative facts.'" *Id*. (quoting *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs.*, 336 Fed. Appx. 419, 423 (5th Cir. 2009)).

In *BMO Harris Bank*, the Court held that when two suits involve the same parties and issues, the second suit must be dismissed." *BMO Harris Bank*, 2022 WL 1773364, at *3 (5th Cir. 2022); however, Mississippi law allows a party to bring independent actions alongside an appeal under Miss. Code. Ann. 11-51-75, even if the independent claims arise from the decision challenged in the appeal." *Mathews v. City of Booneville, Miss.*, 2020 WL 2615912, at *5 (N.D. Miss. 2020).

In this case, the Appeal and this civil action involve the same parties and issues, as they both arise from Defendants' decision to issue a Stop Work Order; nonetheless, because this state court civil action represents the exclusive remedy for appealing decisions of a municipal board,

7

Copart "may bring independent actions alongside" the appeal. Accordingly, the Court finds that the claim-splitting doctrine does not apply to the matter at hand.

Furthermore, federal courts consistently have recognized that constitutional violations may be pursued independently of parallel administrative proceedings. See *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (holding that federal courts should not abstain from hearing claims alleging constitutional violations even when a related state proceeding is pending).

### IV.   PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff moves for sanctions under Rule 11[12] of the Federal Rules of Civil Procedure, arguing that Defendants' successive Rule 12 motions were filed in bad faith and solely for delay.

---

[12] Rule 11 states, in pertinent part:

(**b**) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (**1**) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (**2**) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (**3**) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (**4**) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(**c**) **Sanctions.**
> (**1**) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (**2**) *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5 but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion…

Fed. R. Civ. P. 11

8

Rule 12(g)(2)[13] prohibits successive Rule 12 motions raising defenses that were available but omitted from earlier motions. Defendants failed to raise the claim-splitting defense in their first two motions, making their third motion procedurally improper. The Court finds that Defendants' conduct resulted in unnecessary delay and wasted judicial resources.

Defendants respond that Rule 11 sanctions are not warranted in this case. Defendants argue that their conduct has not violated Rule 11, and that they have not engaged in any tactics to delay this case or harass the Plaintiff. Defendants state that they have not misrepresented any facts to the Court, and that their Motions to Dismiss have been proper.

The Fifth Circuit has emphasized that Rule 11 sanctions are appropriate where a party abuses procedural mechanisms to hinder judicial efficiency. See *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (holding that Rule 11 sanctions are justified where a party's conduct results in undue delay or unnecessary expense). Here, Defendants' successive filings demonstrate a pattern of obstructionist tactics that imposed unnecessary burdens on both Copart and this Court.

Further, courts consistently have held that repeated, frivolous filings designed to delay litigation warrant monetary sanctions. See *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008). Given that Defendants had multiple opportunities to raise their claim-splitting argument in earlier filings but failed to do so, their conduct constitutes an abuse of process. Courts also have warned against misuse of Rule 12 as a vehicle for unnecessary delay. See *Albany Ins. Co. v.*

---

[13] **(2)** *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. Fed. R. Civ. P. 12

*Almacenadora Somex*, S.A., 5 F.3d 907, 909 (5th Cir. 1993) (holding that successive Rule 12 motions asserting previously available defenses violate procedural rules and justify sanctions).

As stated above, Rule 11 instructs that a Motion for Sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets". Fed. R. Civ. P.11(c)(2)[14].

Accordingly, this Court GRANTS Plaintiff's Motion for Sanctions and ORDERS Defendants and/or their counsel to pay reasonable attorney's fees incurred in responding to the improper motion. Plaintiff is directed to submit a detailed fee application within fourteen (14) days, at which time the Court will determine the appropriate amount of sanctions.

## V. CONCLUSION

For the foregoing reasons, this Court orders as follows:

1. Defendants' Second Amended Motion to Dismiss **[ECF No. 33]** is **DENIED.**

2. Plaintiff's Motion for Sanctions **[ECF No. 37]** is **GRANTED**. Plaintiff shall submit a fee application within fourteen (14) days for this Court's review.

**SO ORDERED this the 12th day of March, 2025.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

---

[14] *See* fn. 11.