IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COPART OF CONNECTICUT, INC.**                                    **PLAINTIFF**

**vs.**                                    **Civil Action No.: 3:23-cv-192-HTW-LGI**

**CITY OF CANTON, MISSISSIPPI, et al.**                            **DEFENDANTS**

---

## ORDER

---

Before this Court is Plaintiff Copart of Connecticut, Inc.'s ("Copart") Application for Attorney's Fees Pursuant to Court's Rule 11[1] Order [ECF No. 46]. This Court previously granted Copart's Motion for Sanctions [ECF No. 37] on March 12, 2025, after determining that Defendants had filed a repetitive and frivolous third motion to dismiss [ECF No. 44]. In that underlying Sanctions Order, this Court explicitly commanded "Defendants and/or their counsel to pay reasonable attorney's fees incurred in responding to the improper motion" and directed Copart to submit a detailed fee application within fourteen days [ECF No. 44].

Copart filed its timely Application on March 26, 2025, requesting $7,354.00 for attorney's fees incurred in responding to the improper motion to dismiss, alongside $5,998.00 for attorney's fees incurred in pursuing the Rule 11 sanctions, culminating in a total request of $13,352.00 [ECF No. 46]. Defendants have failed to file any response, memorandum, or objection to Copart's Application. This Court, having fully considered Copart's itemized invoices, the supporting

---

[1] Fed. R. Civ. P. 11 governs the signing of pleadings, motions, and other papers, and establishes the explicit standard for representations to the court. Specifically, Rule 11(b) mandates that an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; and the factual contentions have evidentiary support. Rule 11(c) grants district courts the discretionary authority to impose appropriate sanctions upon attorneys, law firms, or parties that have violated, or are responsible for a violation of, subdivision (b).

declarations, and the governing jurisprudence of the United States Court of Appeals for the Fifth Circuit, finds that Copart's Application is well-taken and awards the requested fees in full.

## I.    JURISDICTION AND VENUE

This Court anchors its authority over this dispute in the federal question jurisdiction provided by Title 28 U.S.C. § 1331[2], as this civil action arises directly under the statutory laws of the United States. Venue properly lies in the Northern Division of the Southern District of Mississippi pursuant to Title 28 U.S.C. § 1391(b)[3], because the specific municipal actions, permitting disputes, and operative facts giving rise to Copart's Complaint occurred within the City of Canton, Mississippi, which lies within the Southern District of Mississippi.

## II.    BACKGROUND

This litigation arose from municipal permit issues, which involved Copart and local authorities within the City of Canton, Mississippi. Copart filed its substantive lawsuit to protect its commercial operating rights against adverse zoning and administrative determinations.

During the course of these proceedings, Defendants submitted a Second Amended Motion to Dismiss [ECF No. 33], which raised an aggressive claim-splitting defense. Copart's legal counsel immediately recognized that Defendants had entirely waived this affirmative defense by failing to assert it within their two prior motions to dismiss. Copart subsequently prepared a robust Response in Opposition [ECF No. 35] to counter the waived defense.

---

[2] Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Title 28 U.S.C. § 1391(b) dictates that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

Concurrently, Copart sought a remedy under Federal Rule of Civil Procedure 11 (c)(2)[4].Copart adhered to the strict safe-harbor strictures of the federal rules by serving a formal notice and a copy of its proposed sanctions motion on Defendants' counsel on July 28, 2023. This notice granted Defendants twenty-one days to withdraw their procedurally defective and duplicative Second Amended Motion to Dismiss. Defendants flatly refused to withdraw their filing. Copart thereafter filed its formal Motion for Sanctions [ECF No. 37], detailing how Defendants had submitted repetitive motions in bad faith and for the sole purpose of introducing procedural delay.

On March 12, 2025, this Court issued its Order [ECF No. 44] denying Defendants' Second Amended Motion to Dismiss and granting Copart's Motion for Sanctions. Finding that Defendants' third motion to dismiss violated Rule 11, the Court ordered monetary sanctions to deter future abusive filings. The Court directed Copart to submit its itemized fee application within fourteen days. Copart timely filed its operative Application for Attorney's Fees on March 26, 2025 [ECF No. 46]. The file contains the primary motion, an explicit memorandum of law, and three comprehensive exhibits: the Declaration of lead counsel Jason E. Fortenberry (Exhibit A); the firm's itemized, redacted invoices (Exhibit B); and a comparative Summary of Fees (Exhibit C). As noted, Defendants entered no opposition to the file.

### III.    LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit commands district courts to apply a two-step method to calculate a reasonable attorney's fee award. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). The Court first must calculate the "lodestar" amount "by

---

[4] Fed. R. Civ. P. 11(c)(2) dictates that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed with or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). The fee applicant carries the threshold burden to submit adequate documentation, including itemized time records, to demonstrate the reasonableness of the hours claimed. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

This Court next must consider whether it should adjust the lodestar upward or downward, depending upon the distinct circumstances of the case and the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). These factors include:

1.  the time and labor required for the litigation;

2.  the novelty and difficulty of the questions presented;

3.  the skill required to perform the legal services properly;

4.  the preclusion of other employment by the attorney due to acceptance of the case;

5.  the customary fee;

6.  whether the fee is fixed or contingent;

7.  time limitations imposed by the client or the circumstances;

8.  the amount involved and the result obtained;

9.  the experience, reputation, and ability of the attorneys;

10. the "undesirability" of the case;

11. the nature and length of the professional relationship with the client; and

12. awards in similar cases. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

A district court need not address every single *Johnson* factor meticulously because not all factors apply in every case. *Illinois Central R.R. Co. v. Harried*, No. 5:06-CV-160, 2011 WL 283925, at *10 (S.D. Miss. Jan. 25, 2011). A strong presumption remains that the baseline lodestar

represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). When a court awards attorney's fees as a Rule 11 sanction, the district court must demonstrate a direct connection between the monetary sanction it imposes and the sanctionable conduct by the violating party. *Topalian v. Ehrman*, 3 F.3d 931, 937 (5th Cir. 1993).

## IV.   DISCUSSION

### A.  The Recoverable Categories of Fees

Copart breaks its fee request into two clean categories: $7,354.00 for defending against the waived claim-splitting motion, and $5,998.00 for pursuing the Rule 11 sanctions. While this Court's prior Sanctions Order specifically highlighted the fees incurred in responding to the improper motion, Federal Rule of Civil Procedure 11(c)(2) explicitly authorizes a court to award to the prevailing party the reasonable expenses and attorney's fees incurred in presenting or opposing the motion for sanctions. The record shows that Defendants' refusal to withdraw their third motion to dismiss directly caused Copart to draft, file, and defend its application for sanctions. Copart skillfully segregated the costs of responding to the motion to dismiss from the separate costs of preparing the sanctions motion. This Court finds a direct causal connection between Defendants' sanctionable filings and both categories of fees, and therefore includes both segments within the final lodestar review.

### B.  The Lodestar Calculation

#### 1.  Reasonable Hourly Rates

Copart's legal counsel utilized two key timekeepers from the law firm of Bradley Arant Boult Cummings LLP: partner Jason E. Fortenberry and associate Stevie F. Rushing. Mr. Fortenberry has practiced commercial litigation in Mississippi since 2006 and maintains prominent regional recognition as a leading real estate and commercial litigator. He billed his time at an

hourly rate of $480.00. Ms. Rushing has practiced commercial litigation since 2017 and holds ongoing recognition as a "Rising Star" in local defense circles. She billed her time at an hourly rate of $340.00.

This Court assesses the reasonableness of these rates by looking to the prevailing market standards in the Southern District of Mississippi. Judges within this district have approved comparable rates for experienced counsel in specialized business and civil disputes. *See Southern Refuge, LLC v. Bondurant*, No. 3:22-CV-637, 2023 WL 2998475, at *3 (S.D. Miss. Apr. 18, 2023) (approving an hourly rate of $395.00); *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07-CV-568, 2011 WL 6699447, at *7–8 (S.D. Miss. Dec. 21, 2011) (approving an hourly rate of $375.00); *In re Wayne Farms LLC FLSA Litig.*, No. 2:07-MD-1872, 2009 WL 5206484, at *2 (S.D. Miss. Dec. 23, 2009) (approving an hourly rate of $350.00). Considering the professional credentials of counsel, the complexity of successive federal motions, and inflation since prior fee determinations, this Court finds that $480.00 for a senior partner and $340.00 for an experienced associate fall squarely within the zone of reasonable, customary rates within the Jackson, Mississippi legal community.

## 2. Hours Reasonably Expended

Copart provides contemporaneous, itemized billing records that document the exact hours dedicated to these tasks.

To counter Defendants' improper Second Amended Motion to Dismiss, counsel expended 18.5 total hours, distributed as follows:

- **Stevie F. Rushing:** 10.9 hours at $340.00 per hour ($3,706.00).

- **Jason E. Fortenberry:** 7.6 hours at $480.00 per hour ($3,648.00).

The invoices demonstrate that these hours involved reviewing the City's waived defense; researching Mississippi's waiver and claim-splitting exceptions; drafting the Response brief; and consulting internally on strategy.

To pursue the Rule 11 sanctions, counsel expended 14.1 total hours, distributed as follows:

- **Stevie F. Rushing:** 5.5 hours at $340.00 per hour ($1,870.00).

- **Jason E. Fortenberry:** 8.6 hours at $480.00 per hour ($4,128.00).

The records indicate that these hours involved drafting the formal Rule 11 safe-harbor letter, researching bad-faith standards, preparing the Motion for Sanctions, and drafting the supporting Memorandum of Law.

Counsel purposefully redacted and excluded all time blocks completely unrelated to Defendants' Rule 11 violation. The remaining, unredacted billing entries are clean, concise, non-duplicative, and highly efficient. Copart has satisfied its burden to show that its attorneys reasonably expended 32.6 combined hours to combat the sanctionable behavior. Multiplying these hours by the approved rates creates a baseline lodestar amount of exactly $13,352.00.

### 3. The Johnson Factors and Final Adjustment

This Court now analyzes the *Johnson* factors to determine if the baseline lodestar requires an upward or downward adjustment.

- **The Time and Labor Required (Factor 1):** Resolving a repetitive, multiparty defense in 32.6 hours demonstrates excellent firm efficiency.

- **The Skill Requisite and Results Obtained (Factors 3 and 8):** Counsel accurately spotted the threshold waiver, built an unassailable record, followed the strict procedural steps of the safe-harbor rule, and fully defeated the improper motion.

- **The Experience and Reputation of Counsel (Factor 9):** Mr. Fortenberry's specialization and Ms. Rushing's focused commercial litigation experience enabled them to resolve this billing event expeditiously.

The remaining *Johnson* factors are neutral and do not merit an adjustment. Because the baseline lodestar fully accounts for the rates, time, and quality of representation, this Court finds no basis to alter the calculation. The Court approves the full requested amount of $13,352.00.

## V.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff Copart of Connecticut, Inc.'s Application for Attorney's Fees Pursuant to Court's Rule 11 Order [ECF No. 46] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants and/or their legal counsel shall pay to Copart the sum of **$13,352.00** in reasonable attorney's fees within thirty (30) days from the entry of this Order.

**SO ORDERED this the   4th   day of            June         , 2026.**

/s/HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE